ROR (9/24/12)

**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

In re )
Levi D Mills and Kimberly G Mills ) Case No. **12-63791-fra7**
Debtor(s) )
)
) RECORD AND ORDER
) RE: REAFFIRMATION
) AGREEMENT(S)

A hearing was held in this case on 01/10/2013 regarding the reaffirmation agreement specified below. The ( ) debtor(s) or only the ( ) husband (X) wife, and/or ( ) debtor(s)' attorney, _____, and ( ) creditor(s)' attorney, _____, appeared. The court gave the debtor(s) the information required by 11 USC §524(c) and (d) and found:

The Reaffirmation Agreement with OnPoint Community Credit Union is:

1. ( ) **Approved.** The Court hereby finding the agreement was made prior to discharge, did not impose an undue hardship on the debtor(s) OR a dependent of the debtor(s), and was in the debtor(s)' best interest.

2. ( ) **Approved** with the following amendments that supersede the Agreement's original terms:
   Amount Reaffirmed: $_____; APR:_____%; Monthly Payment:$_____; Other terms:_____.
   ( ) Parties consent
   ( ) Approval subject to objection filed within 21 days of the hearing date.
   ( ) Approval conditioned on filing the written document within 21 days of the hearing date.

3. ( ) **Based on a consumer debt secured by real property,** and therefore court approval of such agreement is not required or appropriate.

4. (X) **Not Approved** for the following reason(s):
   (X) A presumption of undue hardship exists with respect to the reaffirmation agreement, and debtor(s) has/have not rebutted the presumption to the satisfaction of the court.
   ( ) Required form of reaffirmation agreement not used and/or not completely filled out (e.g., §524(k) disclosures not completed).
   ( ) The value of the collateral is less than amount owed.
   ( ) The reaffirmation agreement was entered into after discharge.
   ( ) The debt is unsecured.
   (X) Approval would not be in the debtor(s)' best interest considering income, expenses and dependents.
   ( ) Approval would impose an undue hardship on the debtor(s) OR a dependent of the debtor(s).
   ( ) The lien would be voidable pursuant to 11 USC §522(f).
   ( ) Agreement or Cover Sheet was not signed by all required parties.
   ( ) The original obligation was not in default.
   ( ) Debtor(s) did not appear.
   ( ) Debtor(s) withdrew the Agreement.
   (X) Other: _Debtors have 10 days to ask court to reconsider_

If the Reaffirmation Agreement is not approved, the subject debt may be paid voluntarily and the creditor is permitted to accept voluntary payments. Everything required of the debtor by 11 USC §521(a)(2)(B) has been done; hence, the automatic stay termination provided by 11 USC §362(h)(1) does not apply.

IT IS SO ORDERED

Bankruptcy Judge